OPINION
{¶ 1} This is an appeal from the Tuscarawas County Common Pleas Court which granted judicial release to appellee over objection by the State.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts of the case underlying the sentence are not important to this appeal as the issue before us is whether appellee is qualified under R.C. § 2929.20 for judicial release.
 ASSIGNMENTS OF ERROR {¶ 3} The following Assignments of Error are presented:
I.
 {¶ 4} "THE TRIAL COURT ERRED IN CONSIDERING, AND GRANTING, A MOTION FOR JUDICIAL RELEASE WHERE THE STATED PRISON TERM IS FIVE YEARS AND THE DEFENDANT HAS SERVED LESS THAN FOUR YEARS OF THE TERM."
II.
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING JUDICIAL RELEASE WHERE THE COURT FAILS TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.20(H)."
 I. {¶ 6} Appellee was sentenced to four years on a kidnaping charge and one year consecutive on a theft charge.
 {¶ 7} Appellee was a co-defendant to James R. Williams, Jr. .
 {¶ 8} In this case as in that of defendant Williams an application for judicial release was filed prior to serving four years of his combined sentence of five years.
 {¶ 9} As stated in our ruling in State of Ohio v. James R.Williams, Jr. 2002AP020007, 2002AP020006, R.C. § 2929.20, which governs judicial release, provides:
 {¶ 10} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:* * * (3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 11} "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender."
 {¶ 12} R.C. 2929.01 (GG) defines "stated prison term" as follows: "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14 or 2971.03 of the Revised Code. `Stated prison term' includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or electronically monitored house arrest imposed after earning credits pursuant to section 2967.193 of the Revised Code."
 {¶ 13} Appellee therefore was not qualified to make application for judicial release.
 {¶ 14} The first Assignment of Error is sustained. We find it unnecessary to address the second Assignment of Error.
 {¶ 15} The judgment of the trial court is reversed and remanded for further proceedings in accordance herewith.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Judicial Release